HASBROUCK, The J. L. See Cases Nos. 7,-323–7,326.

---

## Case No. 6,190.

### HASELDEN v. OGDEN.

[3 Fish. Pat. Cas. 378; Merw. Pat. Inv. 666.] [1]

Circuit Court, S. D. Ohio. March, 1868.

PATENTS—VALIDITY—PRIORITY— INFRINGEMENT— PATENTABILITY.

1. If an invention is made and used in a private way, and then thrown aside and not given to the public, a patent granted to a subsequent inventor would be a valid patent.

2. If in the use of an invention by the first inventor, although private, a subsequent inventor had access to it and could have had knowledge of it, the patent subsequently issued to the second inventor would be void.

3. It is for the jury to say whether the patent is for such an article as requires and demands for its production the genius of an inventor as distinguished from the ordinary skill of a mechanic. If it might have been produced by the latter only, the patent would not be valid.

4. It is an infringement to manufacture a patented article, though it is never used by the maker, or to use a patented article though made by another, or to sell to others the article manufactured by another.

5. The claim governs the patent, and in order to ascertain what is patented, reference must be had to the claim.

6. The patent of James Suggett, granted March 29, 1864, was for a "combination of a perforated iron pipe and pointed plug, in the shape of and to be used as a drill, and a common pump." The manufacture and sale of a pump and drill without a perforated pipe, or of a perforated pipe and drill without a pump, would be no infringement.

[Cited in Andrews v. Carman, Case No. 371.]

This was an action on the case tried before Judge Sherman and a jury, to recover damages, for the infringement of a patent [No. 42,126] for an "improvement in pumps," granted to James Suggett, March 29, 1864, the exclusive right under which, for Montgomery county, Ohio, was assigned to plaintiff [Robert C. Haselden]. The invention was entitled, by the patent, "a new and improved method of putting down and operating bored wells." This method consisted in boring a well in the earth to the desired depth, with any ordinary drill, of the same or larger size than the pipe to be used for drawing the water. The drill was then entirely withdrawn, and an iron pipe, pointed at the lower end and provided with numerous perforations for twelve or eighteen inches above the point, was driven down in the hole prepared by the drill, and sections added as

---

[1] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission. Merw. Pat. Inv. 666, contains only a partial report.]

it was forced down, until the perforated portion reached the water. Any ordinary pump was then screwed or soldered to the upper end of the pipe, and the well was ready for use. The claim of the patentee was as follows: "The perforated pipe a, with the pointed end b constructed as a drill, and united with a pump, all substantially as shown and described." Upon the trial, the defendant [Robert Ogden] produced pipes with pointed ends which had been united with pumps, and used in open wells for many years prior to the invention of Suggett, and insisted that the patent of Suggett was not for a process of sinking the well, but for an instrument, and that the instrument being old, although used in connection with open wells, the plaintiff could not recover.

George M. Lee, for plaintiff.
Samuel S. Fisher, for defendant.

SHERMAN, District Judge (charging jury): This is an action of trespass brought to recover from the defendant damages for the infringement of a patent for bored wells, owned by plaintiff.

To sustain his action, the plaintiff produces in evidence a patent issued to one James Suggett, and by the patentee assigned to the plaintiff. The laws of the United States require that, before such a patent shall issue, the proper officer shall be satisfied that the invention claimed is new and useful. Novelty and utility are necessary requisites to a patent. The issuing of the patent by the proper officer, and the production of it in courts, is, therefore, prima facie evidence of the utility and novelty of the invention. In other words, you are to assume that the invention claimed is new and useful until the contrary is proved.

It is claimed by the defendant that the invention for which this patent issued was substantially used by him and the public years before the invention of Suggett, at different places named in the notice. This is a matter for you. The law not only refuses a patent, or if one is granted it will be decided invalid if it is shown that the subject-matter of the patent had been publicly used before the alleged invention, or, if it had been described in any printed publication either in this or a foreign country, or, if the patentee was not the original or first inventor. The prior use of an alleged invention must be a public use and not a private use. If an invention is made and used in a private way, and then thrown aside and not given to the public, a patent granted to a subsequent inventor would be a valid patent. But if in the use of the invention by the first inventor, the second inventor had access to it and could have had knowledge of it, then the patent subsequently issued would be void and invalid. Again, if the article, or what is substantially the same article, has been in general use by the defendant or the public before the issuing of the patent, the patent would be invalid. Of this

you are the judges. It is for you to decide from the evidence whether the article that is admitted to have been used by the defendant for years is substantially the same as that described in the patent.

It is also for you to say whether the patent in question is for such an article as requires and demands for its production the genius of an inventor, as distinguished from the ordinary skill of a mechanic. If it might have been produced by the latter only, the patent would not be valid.

If, therefore, from a consideration of the whole evidence, you come to the conclusion that the patentee was not the first and original inventor of the device or article described in the patent; or, if the same thing, or what is substantially the same thing, was used by the defendant, or by others, publicly, for years before; or, the article patented did not require the genius of an inventor, but only the ordinary skill of a mechanic, then your inquiries may here stop, and you will render a verdict for the defendant. But if you find that the patentee was the first and original inventor, that the article was a new and useful one, and that it had not been in public use by defendant and others before the grant of the patent, then you will inquire whether this defendant has infringed upon the rights conferred upon the owners of the patent.

An infringement is a copy made after and agreeing substantially and in principle with the article described in the letters patent. The act of congress [of 1836 (5 Stat. 117)] confers upon the patentee and his assigns the exclusive right to make, to use, or to sell to others to be used, the article patented. It is, therefore, an infringement to make or manufacture a patented article, though it is never used by the maker. It is likewise an infringement to use a patented article, though made by another. It is also an infringement to sell to others the article when it is manufactured by another. The law vests the exclusive right to do all these three things in the patentee, and hence for another to do one or all of them is an infringement.

There is evidence before you tending to show that the defendant manufactured pipes and points similar to those described in the patent, and sold them to others. I am inclined to think that there is not sufficient evidence to convince you that he ever, himself, used the pipes, etc., in a bored well, and, therefore, he has infringed, if at all, in making and selling to others the patented article. In this connection it is claimed that he was only a dealer in iron pipes, and that he never manufactured the article described in the patent. This involves the question: What particular thing is secured to the patentee in his letters patent? This is a question for the court. In construing a patent, in the first place, courts generally look to the claim, which, by law, is required to be a summing up of the particulars of the invention for which the applicant desires a patent. If that

claim is vague and uncertain, then reference is made to the proceedings, specifications, and drawings, together with such other. exhibits as may aid in giving a construction to the patent. In this case, in my view, the claim and specification do not altogether agree: one describes an object and purpose, and the other the means to accomplish that purpose. But in my judgment the claim governs the patent, and in order to ascertain what is patented, reference must be had to the claim. What is the claim in this case? It is of a machine to be used in boring a well, and when bored, to be further used in bringing the water to the surface. It is what is well known in law as a combination patent. It is a combination of three old and well-known principles to effect a new and useful purpose. The combination is for a perforated iron pipe, a pointed plug in shape of and to be used as a drill, and a common pump. It is a familiar and undoubted principle of law which must govern you in this case, that in a patent for the combination of three well-known things, the making and use of two only of them is no violation or infringement of the patent.

If, therefore, you find from the evidence that this defendant made and sold the pump and drill, without the perforated pipe, or he made and sold the perforated pipe and drill without the pump, then he has not infringed the patent, and your verdict will be for the defendant. But if you find that the defendant has made and sold all three of what constituted this combination patent, then he is guilty of infringing the patent, and your next inquiry will be the amount of damages the plaintiff, as the owner of the patent, has sustained.

There is no fixed rule of law, as to the amount of damages which a jury must give in this class of cases. It is, however, very well settled that you are to give the actual damages the plaintiff has suffered. The damages should be such as would compensate him, not vindictive or speculative damages. In this case the amount claimed is not large, and therefore, of no great importance.

The jury found a verdict for the defendant.